**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| DANIEL SANDERS, CO-TRUSTEE OF DS/KSL SANDERS FAMILY TRUST UDT DATED APRIL 28, 1998; and KAREN L. SANDERS, CO-TRUSTEE OF THE DS/KSL SANDERS TRUST UDT DATED APRIL 28, 1998, <br><br>                    Plaintiffs,<br>  vs.<br><br>SUTTON FUNDING, LLC; THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS GRANTOR TRUSTEE OF THE PROTIUM MASTER GRANTOR TRUST; T.D. SERVICE COMPANY; and DOES 1–10, inclusive,<br><br>                    Defendants. | CASE NO. 10-CV-2142 JLS (DHB)<br><br>**ORDER: (1) GRANTING DEFENDANT BANK OF NEW YORK MELLON'S REQUEST FOR JUDICIAL NOTICE; (2) GRANTING DEFENDANT BANK OF NEW YORK MELLON'S MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT; AND (3) GRANTING PLAINTIFFS' INFORMAL REQUEST FOR LEAVE TO AMEND**<br><br>(ECF Nos. 66, 67) |
|---|---|

Presently before the Court is a Motion to Dismiss Plaintiffs' Second Amended Complaint ("MTD") filed by Defendant The Bank of New York Mellon Trust Company, N.A., as grantor trustee of the Protium Master Grantor Trust ("BNYM"). (ECF No. 66.) Also before the Court are Plaintiffs Daniel and Karen L. Sanders' ("Plaintiffs") Opposition to (ECF No. 69) and BNYM's Reply in Support of (ECF No.

1  71) the MTD, as well as BNYM's Request for Judicial Notice ("RJN") (ECF No. 67)
2  and Plaintiffs' informal request for leave to amend (ECF No. 69). The Court vacated
3  the hearing set for May 8, 2014, and took the matter under submission without oral
4  argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 72.) Having considered the
5  parties' arguments and the law, the Court **GRANTS** BNYM's RJN, **GRANTS**
6  BNYM's MTD, and **GRANTS** Plaintiffs' request for leave to amend.

## BACKGROUND

**I.    Factual Background**

This action concerns the disputed ownership and loan status of the property at 779 Marposa Drive, Vista, California 92081 (the "Property"). On July 2, 2007, Plaintiffs executed an adjustable rate Note (the "Note") and Deed of Trust (the "DOT") for the sum of $474,400. (Verified 2d Am. Compl. ("VSAC") Ex. C, ECF No. 64.) The DOT identifies Countrywide Home Loans, Inc. ("Countrywide") as lender; Recontrust Company, N.A. as trustee; and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (*Id.* at 2.)

On September 10, 2009, MERS assigned its interest under the DOT to Sutton. (*Id.* Ex. D.) The assignment was notarized on October 1, 2009, and recorded on October 8, 2009. (*Id.*) On September 16, 2009, BNYM—acting through its attorney in fact Barclays Capital Real Estate, Inc., dba HomEq Servicing ("Barclays")—substituted TDSC as trustee. (*Id.* Ex. E.) The substitution was notarized on December 14, 2009, and recorded on January 8, 2010. (*Id.*) Also on September 16, 2009, TDSC executed and served a Notice of Default ("NOD") on behalf of beneficiary Sutton. (*Id.* Ex. F.) The NOD was recorded on October 1, 2009. (*Id.*) On January 5, 2010, TDSC executed and served a Notice of Trustee's Sale ("NOS"), which it recorded on January 8, 2010. (*Id.* Ex. G.)

On March 25, 2011, MERS again assigned its interest under the DOT, this time to BNYM. (*Id.* Ex. H.) The assignment was notarized the same day and recorded on April 1, 2011. (*Id.*) On November 16, 2011, Sutton then assigned its purported interest

under the DOT to BNYM. (*Id.* Ex. I.) The assignment was notarized the same day and recorded on November 30, 2011. (*Id.*)

On October 24, 2012, BNYM executed a Substitution of Trustee ("SOT") substituting Cal-Western Reconveyance LLC ("CWR") as trustee. (*Id.* Ex. J.) The SOT was notarized the same day and recorded on October 31, 2012. (*Id.*) On October 29, 2012, CWR executed an NOD. (*Id.* Ex. K.) The NOD was also recorded on October 31, 2012. (*Id.*)

On September 27, 2013, CWR executed a Notice of Trustee's Sale ("NOTS"). (*Id.* Ex. L.) The NOTS was recorded and mailed to Plaintiffs on October 3, 2013. (*Id.*; *see also id.* ¶ 15.) The sale was scheduled for October 23, 2013. (*Id.* Ex. L.) On October 5, 2013, Plaintiffs had Certified Forensic Loan Auditors, LLC prepare a Property Securitization Analysis Report ("PSAR") for them. (*Id.* Ex. M.)

## II. Procedural Background

In or around 2010, Plaintiffs initiated this action in state court. (*See* Notice of Removal 2, ECF No. 1.) On September 29, 2010, the San Diego Superior Court granted Plaintiffs' motion for a preliminary injunction ("PI"). (Pls.' Resp. in Opp'n 3, ECF No. 69.) Also on September 29, 2010, Plaintiffs filed their Verified First Amended Complaint ("VFAC"), which Defendants subsequently removed to federal court. (*See* Notice of Removal, ECF No. 1.)

Defendants noticed a sale of the Property for November 4, 2010. (1st Mot. for TRO 2, ECF No. 5.) On October 29, 2010, Plaintiffs moved for a temporary restraining order ("TRO") in federal court. (*See generally id.*) On November 2, 2010, this Court issued an Order to Show Cause ("OSC") why a TRO should not issue. (ECF No. 7.) Also on November 2, 2010, however, Plaintiffs petitioned for bankruptcy. (ECF No. 8.) Accordingly, the proceedings in this Court were stayed (*id.*), and the motion for a TRO was denied as moot (ECF No. 9).

This Court lifted the bankruptcy stay on September 25, 2013. (ECF No. 18.) On October 15, 2013, Plaintiffs moved to continue the TRO requested in October 2010.

1  (ECF No. 23.)  On October 16, 2013, the Court denied the motion on the grounds that
2  the TRO was previously denied as moot.  (ECF No. 25.)

3       Plaintiffs subsequently filed a motion for TRO on October 18, 2013.  (ECF No.
4  28.)  That same day, this Court issued an Order staying the October 23, 2013 sale of the
5  Property until a hearing could be heard on Plaintiffs' motion.  (ECF No. 30.)  A hearing
6  was held on November 1, 2013, and the matter was taken under submission.  (ECF No.
7  37.)  On November 12, 2013, the Court issued an Order dissolving the TRO and
8  denying a PI.  (ECF No. 38.)

9       The next day, BNYM filed its first MTD.  (ECF No. 39.)  The Court took the
10 MTD under submission and, on March 10, 2014, granted the motion.  (ECF Nos. 57,
11 63.)  The Court gave Plaintiffs fourteen days within which to file an amended
12 complaint.  (Order 14, ECF No. 63.)  On March 21, 2014, Plaintiffs filed a timely
13 VSAC.  (ECF No. 64.)  BNYM subsequently filed the instant MTD.

14 **REQUEST FOR JUDICIAL NOTICE**

15      Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a
16 fact that is not subject to reasonable dispute because it: (1) is generally known within
17 the trial court's territorial jurisdiction; or (2) can be accurately and readily determined
18 from sources whose accuracy cannot reasonably be questioned."  "Judicially noticed
19 facts often consist of matters of public record."  *Botelho v. U.S. Bank, N.A.*, 692 F.
20 Supp. 2d 1174, 1178 (N.D. Cal. 2010) (citations omitted); *see also W. Fed. Sav. & Loan*
21 *Ass'n v. Heflin Corp.*, 797 F. Supp. 790, 792 (N.D. Cal. 1992).  While "a court may take
22 judicial notice of the existence of matters of public record, such as a prior order or
23 decision," it should not, however, take notice of "the truth of the facts cited therein."
24 *Marsh v. Cnty. of San Diego*, 432 F. Supp. 2d 1035, 1043 (S.D. Cal. 2006).

25      BNYM asks the Court to judicially notice the following seven (7) documents: (1)
26 Order: Granting Defendant's Request for Judicial Notice, Dissolving October 18, 2013
27 Order, and Denying Preliminary Injunction, *Sanders v. Sutton Funding, LLC, et al.*, No.
28 10-cv-2142 JLS (NLS) (S.D. Cal. Nov. 12, 2013), ECF No. 38; (2) Deed of Trust, Doc.

1  No. 2007-0459177 (recorded in the San Diego County Recorder's Office on July 9,
2  2007); (3) Assignment of Deed of Trust, Doc. No. 2009-0560077 (recorded in the San
3  Diego County Recorder's Office on October 8, 2009);(4) Assignment of Deed of Trust,
4  Doc. No. 2011-0639047 (recorded in the San Diego County Recorder's Office on
5  November 30, 2011); (5) Substitution of Trustee, Doc. No. 2012-0674028 (recorded in
6  the San Diego County Recorder's Office on October 31, 2012); (6) Notice of Default,
7  Doc. No. 2012-0674029 (recorded in the San Diego County Recorder's Office on
8  October 31, 2012); and (7) Notice of Trustee's Sale, Doc. No. 2013-0600937 (recorded
9  in the San Diego County Recorder's Office on October 3, 2013). (*See* RJN, ECF No.
10 67.)

11 All of these documents are available to the public and are certified and
12 maintained by an official office. Thus, their accuracy cannot be reasonably disputed.
13 Accordingly, the Court **GRANTS** BNYM's RJN as to all seven (7) documents.
14 However, the Court does not at this time take notice of the truth of the facts asserted
15 therein.

### MOTION TO DISMISS

**I.    Legal Standard**

18 Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the
19 defense that the complaint "fail[s] to state a claim upon which relief can be granted,"
20 generally referred to as a motion to dismiss. The Court evaluates whether a complaint
21 states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil
22 Procedure 8(a), which requires a "short and plain statement of the claim showing that
23 the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual
24 allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-
25 harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*
26 *Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation
27 to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
28 conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.* This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend.

**II.   Analysis**

Plaintiffs bring this action against Defendants asserting two causes of action: (1) lack of standing to conduct a nonjudicial foreclosure sale, and (2) quiet title. (*See generally* VSAC, ECF No. 64.) The Court addresses each in turn.

///

### A.     Claim 1: Lack of Standing to Conduct a Nonjudicial Foreclosure Sale

First, Plaintiffs allege, under California Civil Code § 2934a, that BNYM's 2009 SOT—which substituted CWR as trustee—is defective and lacks legal effect, because BNYM had no authority to effect said substitution. (VSAC ¶¶ 16–25, ECF No. 64.) California Civil Code § 2934a sets forth the process and formalities required to substitute the trustee.

Plaintiffs question the legitimacy of the chain of title establishing BNYM as beneficiary of the Note. Plaintiffs argue that BNYM is not the beneficiary because the Assignments of DOT are contradictory, as both MERS and Sutton purportedly assigned the same interest to BNYM. (Pls.' Resp. in Opp'n 4–5, ECF No. 69.) Further, Plaintiffs purport that the PSAR establishes that the assignments from (1) MERS to Sutton, (2) MERS to BNYM, and (3) Sutton to BNYM were fraudulent, because the persons who executed the Assignments of DOT for the assignors lacked the authority to do so. (*Id.* at 5.) Hence, Plaintiffs claim that, because BNYM lacked the authority to substitute CWR as trustee, the transfer is void. (*Id.*)

BNYM contests the sufficiency of Plaintiffs' claim. BNYM first argues that Plaintiffs' arguments are "irrelevant," because the various documents incorporated by reference into Plaintiffs' VSAC and judicially noticed in the RJN establish an "unbroken chain of ownership." (MTD 5, ECF No. 66-1.) However, this argument misses the point. Plaintiffs contend that, whether or not the chain of title was broken, the various transfers and substitutions are fraudulent and therefore void. Thus, this argument is not dispositive of Plaintiffs' claim.

BNYM also contends, however, that Plaintiffs lack standing to challenge the assignments. First, BNYM argues that, because Plaintiffs do not dispute that they were in default, and because they have offered no reason to believe that the original lender would not have foreclosed, Plaintiffs have suffered no resultant prejudice. (MTD 6–8, ECF No. 66-1; *see also* BNYM's Reply 7–9, ECF No. 71.) Second, BNYM argues that Plaintiffs lack standing because they are not parties to the challenged transfer.

(BNYM's Reply 9–11, ECF No. 71.)  The Court agrees on both counts.

The Court agrees that Plaintiffs lack standing to challenge, prior to the foreclosure sale, Defendants' authority to foreclose.  The Court finds persuasive *Siliga v. Mortgage Electric Systems, Inc.* and *Jenkins v. JP Morgan Chase Bank, N.A.*  In *Siliga*, the California Court of Appeal found that the debtors lacked standing to challenge a transfer of interest in their deed of trust when they were undisputably in default, the challenged assignment did not change their obligations under the note, and there was no reason to believe that the original lender would not have foreclosed.  219 Cal. App. 4th 75, 85 (2013).  As in *Silga*, Plaintiffs have suffered no prejudice due to BNYM's purportedly wrongful efforts to foreclose because Plaintiffs, who have been in default since at least 2010, are subject to foreclosure by some entity, whether or not that entity be BNYM.  If BNYM does not have an interest in the note, there is no reason to think that the interest holder would not foreclose under these circumstances.  And, BNYM seeks to foreclose under the original note, so Plaintiffs are subject to the same obligations.  Accordingly, Plaintiffs are not prejudiced by BNYM's foreclosure.

Further, in *Jenkins*, the California Court of Appeal rejected an argument preemptively challenging the defendants' authority to initiate nonjudicial foreclosure proceedings on the theory that to allow such a challenge "would result in the impermissible interjection of the courts into a nonjudicial scheme enacted by the California Legislature."  216 Cal. App. 4th 497, 512–13 (2013) (citations omitted).  To so allow "'would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy,'" and "'would fundamentally undermine the nonjudicial nature of the process and introduce the possibility of lawsuits filed solely for the purpose of delaying valid foreclosures.'"  *Id.* at 512, 513 (quoting *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 n.5, 1155 (2011)).  Accordingly, the Court finds that the weight of authority holds that Plaintiffs lack the standing to preemptively challenge BNYM's right to nonjudicially foreclose.

Plaintiffs point to *Glaski v. Bank of America, N.A.*, for the proposition that a

borrower has the standing to preemptively challenge an entity's interest in the debt and authority to foreclose. (Pls.' Resp. in Opp'n 6–7, ECF No. 69 (citing 218 Cal. App. 4th 1079 (2013)).) While Plaintiffs point to the recent unpublished opinion of *Cotton v. Mortgage Electronic Registration Systems, Inc.*, No. E054921 (Cal. App. Apr. 4, 2014), as an endorsement of *Glaski*, many more California courts have rejected *Glaski*. *See, e.g.*, *Keshtgar v. U.S. Bank, N.A.*, 2d Civil No. B246193, 2014 WL 2567927, — Cal. Rptr. 3d —, at *3 (June 9, 2014); *Yvanova v. New Century Mortg. Corp.*, 172 Cal. Rptr. 3d 104, 109–10 (App. Apr. 25, 2014); *Sporn v. JPMorgan Chase Bank N.A.*, G047501, 2014 WL 280627, at *4 (Cal. App. Jan. 27, 2014). This District has consistently rejected *Glaski*. *See Covarrubias v. Fed. Home Loan Mortg. Corp.*, No. 12cv2775 WQH (DHB), 2014 WL 311060, at *4–5 (S.D. Cal. Jan. 28, 2014); *Mottale v. Kimball Tirey & St. John, LLP*, No. 13cv1160-GPC-MMA, 2014 WL 109354, at *4 (S.D. Jan. 10, 2014); *Haddad v. Bank of Am., N.A.*, No. 12cv3010-WQH-JMA, 2014 WL 67646, at *4 (S.D. Cal. Jan. 8, 2014); *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12cv2106-WQH-NLS, 2013 WL 5568737, at *8 (S.D. Cal. Oct. 3, 2013). And, every other federal district court in California has also disavowed *Glaski*. *See, e.g.*, *Snell v. Deutsche Bank Nat'l Trust Co.*, No. 2:13-cv-02178-MCE-DAD, 2014 WL 325147, at *4–5 (E.D. Cal. Jan. 29, 2014); *Gates v. LPP Mortg., Inc.*, No. CV 13-8737 DSF (PLAx), 2013 WL 6978834, at *2 n.4 (C.D. Cal. Dec. 30, 2013); *Apostol v. CitiMortgage, Inc.*, Case No. 13-cv-01983-WHO, 2013 WL 6328256, at *6–7 (N.D. Cal. Nov. 21, 2013). Ultimately, "*Glaski* is in a clear minority on the issue. Until either the California Supreme Court, the Ninth Circuit, or other appellate courts follow *Glaski*, this Court will continue to follow the majority rule." *Newman v. Bank of N.Y. Mellon*, No. 1:12-CV-1629 AWI GSA, 2013 WL 5603316, at *3 n.2 (E.D. Cal. Oct. 11, 2013) (citations omitted). This Court finds no reason to determine otherwise.

Moreover, the Court further agrees that, because Plaintiffs were not parties to the challenged assignments, and because said assignments were not made for their benefit, Plaintiffs lack the standing to challenge the allegedly improper assignments. *See*

*Maynard v. Wells Fargo Bank, N.A.*, No. 12cv1435 AJB (JMA), 2013 WL 4883202, at *9 (S.D. Cal. Sept. 11, 2013) (citations omitted) ("Plaintiffs lack standing to challenge the alleged fraudulent transfers because they were not parties to the Assignment, nor were they the intended receipts of the Assignment.") (collecting cases); *see also Dick v. Am. Home Mortg. Servicing, Inc.*, Civ. No. 2:13-00201 WBS CKD, 2013 WL 5299180, at *2 (E.D. Cal. Sept. 18, 2013) (citing *Gilbert v. Chase Home Fin., LLC*, 1:13-CV-265 AWI SKO, 2013 WL 2318890, at *3 (E.D. Cal. May 28, 2013) (collecting cases)); *Javaheri v. JPMorgan Chase Bank, N.A.*, No. 2:10-cv-08185-ODW (FFMx), 2012 WL 3426278, at *6 (C.D. Cal. Aug. 13, 2012) (citations omitted) ("While the allegation of robo-signing may be true, the Court ultimately concludes that [the plaintiff] lacks standing to seek relief under [his] allegation [that the Substitution of Trustee is therefore invalid].")

Plaintiffs counter that BNYM's arguments concerning standing are essentially a reformulation of the "tender rule," which this Court has already rejected as applied to the parties. (Pls.' Resp. in Opp'n 7–8, ECF No. 69; *see also* Order 6–7, ECF No. 38.) Plaintiffs, however, are mistaken. "Under California law, the 'tender rule' requires that as a precondition to challenging a foreclosure sale, or any cause of action implicitly integrated to the sale, the borrower must make a valid and viable tender of payment of the secured debt." *Montoya v. Countrywide Bank*, No. C09-00641 JW, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009) (citations omitted). In determining that Plaintiffs lack standing to challenge Defendants' authority to carry out the foreclosure sale the Court is in no way requiring Plaintiffs to pay their debt obligation as a precondition of bringing suit. Thus, the tender rule is inapposite.

Accordingly, the Court finds that Plaintiffs lack standing to bring their claim for lack of standing, and therefore the Court **GRANTS** BNYM's MTD as to this claim.

### B.     *Claim 2: Quiet Title*

Second, Plaintiffs allege that Defendants have not complied with the laws governing nonjudicial foreclosure and thus "have no legal right, title, estate, lien, or

interest whatsoever in the Property." (VSAC ¶ 40, ECF No. 64.) The California Code of Civil Procedure permits a party to bring an action to quiet title upon a showing of five elements, set forth in a verified complaint: (1) a description of the property; (2) the title as to which a determination is sought and the basis of that title; (3) the adverse claims against which a determination is sought; (4) the date as of which the determination is sought and, if that date is other than the date on which the complaint was filed, why; and (5) a prayer for the determination of the title against the adverse claims. Cal. Civ. Proc. Code § 761.020.

BNYM contends that Plaintiffs fail to establish all of the required elements because "Plaintiffs cannot allege a sufficient basis for their title under § 761.020." (MTD 8, ECF No. 66-1.) Plaintiffs counter that they do plead the basis for their title, because they acquired title to the Property when they purchased it, and the assignments to BNYM were void. (Pls.' Resp. in Opp'n 8, ECF No. 69.) But because Plaintiffs' claim for quiet title hinges on the basis of title asserted in their cause of action concerning BNYM's purported lack of standing, and because the Court has rejected the theory that, at this stage in the foreclosure process, BNYM lacks the authority to foreclose, the Court determines that Plaintiffs fail to plausibly allege the basis of their title in the Property. Accordingly, the Court finds that Plaintiffs fail to state a claim for quiet title, and the Court **GRANTS** BNYM's MTD as to this claim.

## LEAVE TO AMEND

Whatever the disposition of this matter, Plaintiffs request that the Court permit them leave to amend to allege a claim for violation of the California Homeowners Bill of Rights ("HBOR"). (Pls.' Resp. in Opp'n 8–9, ECF No. 69.) BNYM urges the Court to deny leave to amend, contending that a separate, noticed motion is required, rendering the request improper. (BNYM's Reply 14, ECF No. 71.) BNYM cites to *Posner v. Essex Insurance Co., Ltd.* for this principle. 178 F.3d 1209, 1222 (11th Cir. 1999). While it may be true that the practice in the Eleventh Circuit is to only grant leave to amend if requested in a formal, noticed motion, such is not true in the Ninth

1 Circuit. *See, e.g.*, *United States v. $11,500 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) (citation omitted); *Edwards v. Occidental Chem. Corp.*, 892 F.2d 1442, 1445 n.2 (9th Cir. 1990) (citations omitted); *Simons v. United States*, 497 F.2d 1046, 1049 (9th Cir. 1974); *Grisham v. Philip Morris, Inc.*, 670 F. Supp. 2d 1014, 1022 (C.D. Cal. 2009) (citations omitted) ("In this Circuit, courts may construe other filings, including oppositions to motions, as motions to amend where amendment would be proper.").

Pursuant to Rule 15(a), a plaintiff may amend his complaint once as a matter of course within specified time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While courts exercise broad discretion in deciding whether to allow amendment, they have generally adopted a liberal policy. *See U.S. for Benefit & Use of Ehmcke Sheet Metal Works v. Wausau Ins. Cos.*, 755 F. Supp. 906, 908 (E.D. Cal. 1991) (citing *Jordan v. Cnty. of L.A.*, 669 F.2d 1311, 1324 (9th Cir.), *rev'd on other grounds*, 459 U.S. 810 (1982)). Accordingly, a court should generally grant leave to amend unless the court harbors concerns "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Here, BNYM suggests that the *Foman* factors are problematic because "[t]his new claim is based on a completely new set of alleged facts and events; facts and events that allegedly occurred over one year ago in January 2013." (BNYM's Reply 13, ECF No. 71.) BNYM argues that, "if they actually had a viable claim, the Plaintiffs would have requested leave [to amend] before now." (*Id.* at 14.)

The Court, however, finds that the *Foman* factors weigh in favor of permitting amendment. This case was stayed until September 25, 2013. (*See* ECF No. 18.) The HBOR only went into effect on January 1, 2013, and therefore Plaintiffs could not have brought the requested claim prior to the time the stay was lifted. *See* Cal. Civ. Code §

2923.6. The first motion to dismiss was filed on November 13, 2013, and granted on March 10, 2014. (ECF Nos. 39, 63.) Plaintiffs timely amended on March 21, 2014, and BNYM again moved to dismiss on April 3, 2014. (ECF Nos. 64, 66.) Given this course of events, it does not appear that Plaintiffs have unduly delayed in seeking to amend.

BNYM does not argue, and the Court finds no basis to believe, that Plaintiffs' request is made in bad faith. While BNYM hints that it would be prejudiced by permitting Plaintiffs "to go in a completely different direction with their case," the Court disagrees. (BNYM's Reply 13, ECF No. 71.) The case is still at the pleading stage, and there has been no discovery. Accordingly, BNYM will not suffer significant additional expenses to defend against the new claim. The complained-of events happened less than a year and a half ago, and therefore BNYM should still have access to the evidence it needs to defend against the charge. Nor, on the facts Plaintiffs provide, does it appear that the requested amendment would be futile.

Accordingly, the Court **GRANTS** Plaintiffs leave to add a cause of action for violation of the HBOR.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** BNYM's Request for Judicial Notice, **GRANTS** BNYM's Motion to Dismiss, and **GRANTS** Plaintiffs' informal request for leave to amend.

Plaintiffs **SHALL FILE** an amended complaint within fourteen (14) days of the date on which this Order is electronically docketed. *Failure to file an amended complaint by this date may result in dismissal of this action with prejudice.* Moreover, Plaintiffs are cautioned that this will be their final opportunity to amend.

**IT IS SO ORDERED**.

DATED: June 26, 2014

*Janis L. Sammartino*
Honorable Janis L. Sammartino
United States District Judge